NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0613n.06

No. 14-5666

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Aug 31, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ODELL ANDRE HOLDER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:      SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.   This case returns from the Supreme Court on remand for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause was void for vagueness.   135 S. Ct. at 2564.   Odell Holder was sentenced as an armed career criminal on account of his previous convictions for violent felonies.   One of Holder's convictions was for evading arrest, a crime which qualified as a violent felony only under the ACCA's now-invalidated residual clause.   Because the district court relied on this conviction as one of the three convictions necessary to trigger the ACCA's mandatory minimum sentence, Holder must be resentenced because he has shown the elements of plain error.   Plain error review applies because Holder did not bring a vagueness challenge against the residual clause in the district court. *See United States v. Milan*, 398 F.3d 445, 450–54 (6th Cir. 2005).   It is plain that Holder's

evading arrest conviction is no longer a violent felony under the ACCA. Even though the district court correctly applied the law at the time of sentencing, "it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997). The erroneous application of the ACCA's mandatory minimum sentence to Holder affected Holder's substantial rights and was an error that seriously affects the fairness, integrity, and public reputation of judicial proceedings. Accordingly, we vacate Holder's sentence and remand his case for resentencing.